# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| VINCENT PETERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. CV608-047 |
| | ) | |
| STATE OF GEORGIA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Vincent Peterson, an inmate at Telfair State Prison in Helena, Georgia, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docs. 1, 4.) Because it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," it is recommended that the case be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

## I. BACKGROUND FACTS

On November 12, 1984, Peterson pled guilty to rape, kidnapping with bodily harm, aggravated assault, armed robbery,

and burglary. (Doc. 1 at 3.) Peterson filed his first state habeas petition in October 1985, in which he attempted to withdraw his guilty plea. (Id.) The state habeas court denied his petition, and the Georgia Supreme Court affirmed. (Id.) Peterson then filed another state habeas petition in Bibb County Superior Court, alleging that his trial counsel performed under a conflict of interest. (Id.) The court denied relief, finding that the petition was successive, and the Georgia Supreme Court affirmed. (Id.) In 1990, Peterson filed for federal habeas relief in this Court, alleging that his trial counsel labored under a conflict of interest, which this Court subsequently denied. (Id.); Peterson v. Goodwin, CV690-084 (S.D. Ga. July 15, 1996) (doc. 13). In 1993, the Eleventh Circuit Court of Appeals remanded the case back to this Court for an evidentiary hearing on Peterson's conflict of interest claim. (Doc. 1 at 4); Peterson, CV690-084 (doc. 22). Peterson alleges that during the September 19, 1993 hearing, he "discovered" that the state had withheld the results of a Georgia Bureau of Investigation crime lab report and a statement by the victim, "none of which connected petitioner to the crimes." (Doc. 1 at 4, 8.) This Court subsequently

denied relief on his conflict of interest claim, and the Eleventh Circuit affirmed on July 15, 1996. (Id. at 4); Peterson, CV690-084 (docs. 50 & 54).

Thereafter, in January 1995 Peterson prepared another state habeas petition asserting that the prosecutor engaged in misconduct by withholding the newly discovered evidence. (Doc. 1 at 4.) Peterson alleges, however, that before he could file the petition, both the petition and the transcript of the September 19, 1993 hearing were "destroyed or thrown away during an institutional shakedown . . . ." (Id. at 4.) In March 1997, Peterson again obtained the transcript of the September 19, 1993 hearing, but before he could file a state habeas petition he was transferred to another state prison. (Id. at 4-5.) Next, without ever filing the state habeas petition, Peterson petitioned for parole reconsideration based upon the newly discovered evidence on May 20, 1999. (Id. at 5.) On June 7, 1999, the parole board denied his request. (Id.) Then, on October 1, 2003, Peterson filed an extraordinary motion for new trial in state court based upon the new evidence. (Id.) The state court denied his motion on June 25,

2007. (Id.) Peterson appealed that decision to the Georgia Court of Appeals on August 10, 2007, and on September 6, 2007, the court dismissed his appeal. (Id. at 5-6.) Peterson contends that although he discovered the evidence in 1993, his "delay in seeking relief in this court is not due to a want of due diligence." (Id. at 6.)

## II. LEGAL FRAMEWORK AND ANALYSIS

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, Stat. 1214, Congress amended the federal habeas statute to require that a second or successive petition be certified by a panel of the appropriate court of appeals prior to being brought in any district court. See 28 U.S.C. § 2244(b)(3)(A) (noting that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). The Seventh Circuit held that this provision "is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any

4

response from the government, unless the court of appeals has given approval for its filing." Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). The Eleventh Circuit has reached the same result. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (finding that district court lacked jurisdiction to consider a second § 2254 petition); In re Medina, 109 F.3d 1556 (11th Cir. 1997) (holding that district court properly denied successive petition because movant neglected to obtain a certificate from the federal appellate court authorizing consideration of the motion).

As discussed above, Peterson previously filed a § 2254 petition in this Court on August 31, 1990, challenging his 1984 conviction, the same conviction he challenges in the instant § 2254 petition. See Peterson v. Goodwin, CV690-084. The district judge dismissed the petition on April 12, 1994. Id. (doc. 40). Accordingly, this is Peterson's second § 2254 petition attacking his 1984 conviction. Because the present petition is successive and Peterson has not sought or received authorization from the Eleventh Circuit to file

it, this Court is not at liberty to consider it. Accordingly, the Court should **DISMISS** Peterson's current petition as successive.

In addition, Peterson's claim is time-barred. AEDPA amended § 2244 to include a one-year statute of limitations for habeas corpus petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). AEDPA's limitation period runs from the latest of: "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . [or] (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Id. The limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But "a state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001).

In light of Peterson's arguments in his petition regarding the discovery of new evidence, subsection (D) of § 2244(d)(1) governs the timeliness of his petition for AEDPA purposes. Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008); Davis v. Mitchem, 2007 WL 1089723, at * 6 (S.D. Ala. Apr. 10, 2007). Because Peterson alleges that he learned of the withheld evidence on September 19, 1993, the Court concludes that he discovered the factual predicate of his claims on that date. For petitioners like Peterson who discovered the factual predicate for their claims prior to the effective date of AEDPA, the Eleventh Circuit has held that the one-year statute of limitations began to run on the date AEDPA went into effect. Wilcox v. Fla. Dep't of Corrs., 158 F.3d 1209, 1211 (11th Cir. 1998); Lynch v. Diguglielmo, 2007 WL 951630, at *2 (E.D. Pa. Mar. 26, 2007) (if the factual predicate of petitioner's claims was discoverable prior to AEDPA's effective date, AEDPA's statute of limitations begins to run on April 24, 1996); Cox v. Paskett, 2006 WL 2850492, at *4 (D. Idaho Sept. 29, 2006) (same). As Peterson's conviction became final long before AEDPA's April 24, 1996 effective date, he had until April 24, 1997 to seek federal

habeas corpus relief. United States v. Moore, 344 F.3d 1313, 1320 (11th Cir. 2003). Peterson did not file the present petition until May 20, 2008, more than eleven years after the limitations period expired. (Doc. 1.) As his efforts to obtain state collateral review all occurred either before the statute of limitations began to run or after it had already expired, none of those efforts toll the limitations period. Consequently, absent equitable tolling, his petition should be dismissed as time-barred.

The AEDPA period of limitation may be subject to equitable tolling only in cases "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Downs v. McNeil, 520 F.3d 1311, 1319 (11th Cir. 2008) (quoting Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000)). The petitioner, who bears the burden of establishing equitable tolling, must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Johnson v. Fla. Dep't of Corrs., 513 F.3d 1328, 1333 (11th Cir. 2008) (quoting Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007)).

Peterson did not diligently pursue his rights. He discovered the basis for his claim in September 1993. He had until April 24, 1997 to file his petition for federal habeas relief. Although between January 1995 and March 1997 conditions allegedly outside of his control prevented him from filing a state collateral attack on his conviction based on the newly discovered evidence, (doc. 1 at 4-6), Peterson fails to offer any excuse as to why he did not file for habeas relief within AEDPA's limitations period or shortly thereafter. Accordingly, he has failed to qualify for equitable tolling.

Finally, a petitioner may be able to secure review of an untimely Section 2254 petition if he can show actual innocence. See Johnson, 513 F.3d at 1333.[1] "To successfully plead actual innocence, a petitioner must show that his conviction resulted from

---

[1] Where a petitioner argues that his untimely § 2254 petition must be permitted because he is actually innocent, he is "essentially arguing that AEDPA's one-year limitations period violates the Suspension Clause . . . ." Johnson, 513 F.3d at 1333 (citing Arthur v. Allen, 452 F.3d 1234, 1244 (11th Cir. 2006) and Wyzykowski v. Dep't of Corrs., 226 F.3d 1213, 1218 (11th Cir. 2000)). The Eleventh Circuit has held that "before addressing this difficult constitutional question, [the Court] should first consider whether the petitioner can show actual innocence." Id., 513 F.3d at 1333 (citations omitted). "To date, [the Eleventh Circuit] has avoided [the] constitutional issue because no time-barred petitioner has made the requisite actual-innocence showing." Id.

9

a 'constitutional violation.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "To do so, he must demonstrate 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" Id. (quoting Schlup, 513 U.S. at 327; Arthur, 452 F.3d at 1245)). Petitioner must raise "sufficient doubt about [his] guilt to undermine confidence in the result of the trial." Arthur, 452 F.3d at 1245 (quotations and citation omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

In his petition, Peterson never claims that he is actually innocent. Rather, he alleges that had the newly discovered evidence been disclosed to him prior to the time when he entered his plea agreement, he would not have pled guilty, as the evidence "would have revealed a much weaker case for the state and a stronger case for petitioner." (Doc. 1 at 8, 10.) The evidence which was revealed during the September 19, 1993 hearing does not exculpate Peterson; instead it merely fails to connect him directly to the crimes. (Id. at 8, 10 (noting that "none of the evidence that

was collected from the crime scene and from petitioner can be traced to him . . . [t]he hair in question not only could have come from petitioner; but could have come from anyone in the Statesboro, Georgia area.").) Accordingly, the proffered evidence fails to raise a "sufficient doubt" about Peterson's guilt "to undermine confidence in the result of the trial." Schlup, 513 U.S. at 317. Peterson, therefore, has failed to qualify for the actual innocence exception to AEDPA's time bar.

## III. CONCLUSION

Because Peterson has not obtained authorization from the Eleventh Circuit to file a second federal habeas petition, this Court is not at liberty to address his claims. But even if the claim is properly presented, the Court should decline to consider it. Federal district courts are empowered pursuant to Rule 4 of the Rules Governing Section 2254 Cases to raise AEDPA's statute of limitation *sua sponte* and dismiss those actions that are clearly time-barred. Jackson v. Sec'y for Dep't of Corrs., 292 F.3d 1347, 1349 (11th Cir. 2002). As the instant petition challenging

Peterson's 1984 conviction is untimely, and because he fails to qualify for an exception to the time bar, it should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this __11th__ day of July, 2008.

                                    /s/ **G.R. SMITH**
                                    **UNITED STATES MAGISTRATE JUDGE**
                                    **SOUTHERN DISTRICT OF GEORGIA**